UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

OLYMPIA HOTEL MANAGEMENT, LLC,
a Delaware limited liability company,

                          Plaintiff,

    v.

THE BEND HOTEL DEVELOPMENT
COMPANY, LLC, an Illinois limited liability
company,

                          Defendant.

Civil Action No. _____

## COMPLAINT AND JURY DEMAND

Plaintiff Olympia Hotel Management, LLC ("Olympia"), by and through its attorneys, states its Complaint against Defendant The Bend Hotel Development Company, LLC ("The Bend") as follows.

### PARTIES

1.      Plaintiff Olympia Hotel Management, LLC is a Delaware limited liability company.  Its principal place of business is in Portland, Maine.  Its sole member is The Olympia Companies, LLC.  The membership interests of The Olympia Companies, LLC are held by three irrevocable trusts, each of which is organized under the laws of Maine.  The trustee of each of the three trusts is a citizen of Maine.

2.      Defendant The Bend Hotel Development Company, LLC is an Illinois limited liability company.  Its manager and principal financier is Daniel Michael Murphy, Jr. ("Murphy").  The Bend maintains its principal place of business in East Moline, Illinois.  Upon information and belief, none of The Bend's members are citizens of Maine.

11929141.2

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and

costs, and there is complete diversity of citizenship between Plaintiff and Defendant.

4.      Plaintiff Olympia Hotel Management, LLC is a limited liability company, the

member of which is a citizen of Maine for diversity purposes.  Accordingly, Plaintiff is a citizen

only of Maine.

5.      Defendant The Bend Hotel Development Company, LLC is a limited liability

company.  Upon information and belief, none of the members of The Bend are citizens of Maine.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

7.      Olympia provides hotel management services for hotels around the country.

Olympia is an LLC within a family of entities controlled by The Olympia Companies, also

located in Portland, Maine, which provides an array of hotel design, development, marketing,

and management services.

8.      The Bend is the owner of two Hyatt Hotels franchises located in East Moline,

Illinois.  The franchises, which exist within the same physical structure, are known as Hyatt

House, an extended stay hotel, and Hyatt Place, a "select service" or traditional nightly stay hotel

(together, "the Hotel").  The Hotel opened in December 2018.

9.      The Bend is one of at least two special purpose entities created, managed, and

ultimately controlled by Murphy for the purpose of developing and operating the Hotel on a

former industrial site in East Moline, Illinois.  Another special purpose entity created, managed,

2

and ultimately controlled by Murphy to develop and operate the Hotel is Great River Property Development Hotels, LLC ("Great River"), formerly known as River Eagle Hotels LLC.

## Olympia is Hired to Operate the Hotel

10.     In 2013, J. Paul Beitler, acting as an agent of Murphy, placed an unsolicited telephone call to agents of Olympia working and present in Portland, Maine.  Beitler represented that he was responsible for obtaining permits, selecting consultants, and securing financing for the yet-to-be-developed Hotel.

11.     Beitler further represented that he was calling agents of Olympia at the recommendation of Hyatt Hotels, which informed Beitler that Olympia would be able to assist in developing and operating the Hotel.

12.     During 2013 and early 2014, Olympia and Beitler negotiated an agreement under which Olympia would operate and manage the Hotel once it was developed and began operations.  Over the course of the negotiations, Beitler and Murphy directed dozens of phone calls and emails regarding the terms of the agreement to Olympia in Portland, Maine.  At all times during these negotiations, Beitler and Murphy knew Olympia and its agents were located in Portland, Maine.

13.     On May 9, 2014, as a product of the above-described negotiations, Olympia and Great River executed two Hotel Management Agreement ("HMAs"), one each for Hyatt House and Hyatt Place.  True and correct copies of the HMAs are attached hereto as **Exhibit A** and **Exhibit B**.

14.     The portions of the HMAs relevant to this Complaint are identical.  Under the HMAs, Olympia was responsible for certain functions related to the management and operation

3

of the Hotel, including hiring and managing staff, advertising and promoting the Hotel, managing finances, and maintaining facilities.

15.     After the 2014 execution of the HMAs, Murphy enlisted Michael VanDeHeede ("VanDeHeede") to serve as his representative in interactions with Olympia.  VanDeHeede continues to function in this capacity.

16.     VanDeHeede was convicted in 2013 in the U.S. District Court for the Central District of Illinois of three counts of filing a false tax return.  *See* Case No. 4:12-cr-40084-SLD-JAG (C.D. Ill.).

17.     In 2017, Great River and Olympia executed the First Amendment to each HMA. Under the First Amendment, Great River assigned its interest in each HMA to The Bend (among other changes).  True and correct copies of the First Amendment to the HMAs are attached hereto as **Exhibit C** and **Exhibit D**.

18.     In connection with Olympia's performance under the HMAs, agents of Great River and subsequently The Bend directed dozens of phone calls and hundreds of emails to Olympia in Portland, Maine over the course of several years.  These phone calls and emails discussed an array of topics related to the future staffing and operation of the Hotel, and other matters pertaining to Olympia's performance under the HMAs.

19.     With Great River's and The Bend's knowledge and ongoing and continuous participation, and to their benefit, Olympia's management team performed Olympia's executive management responsibilities under the HMAs from Olympia's headquarters in Portland, Maine, over the course of several years.  These responsibilities included overall oversight and management of the Hotel's on-site General Manager.

4

20.     Pursuant to the HMAs, Olympia managed the Hotel's accounting and reporting functions from Portland, Maine.  Olympia controlled and administered the Operating Account described below from Portland, Maine.  Olympia managed the Hotel's annual budgeting process from Portland, Maine.  Olympia also engaged in revenue management, financial reporting, payroll and benefits processing and management, bank account management and reconciliation, and accounts payable management from Portland, Maine.  Olympia engaged in these activities with the knowledge and ongoing and continuous participation of Great River and The Bend.

21.     Pursuant to the HMAs, Olympia managed the Hotel's insurance design, placement, and policy management from Portland, Maine.  It handled insurance claims management and processing from Portland, Maine.  Olympia engaged in these activities with the knowledge and ongoing and continuous participation of Great River and The Bend.

22.     Pursuant to the HMAs, Olympia developed and managed the Hotel's marketing plan from Portland, Maine.  Olympia managed relationships with the Hotel's national accounts from Portland, Maine.  Olympia also made booking decisions for its key customer and booking categories from Portland, Maine.  Olympia engaged in these activities with the knowledge and ongoing and continuous participation of Great River and The Bend.

23.     Pursuant to the HMAs, Olympia managed the Hotel's human resources, including performance management, from Portland, Maine.  Olympia also oversaw the Hotel's information technology from Portland, Maine by managing a third-party vendor also located in Portland, Maine that provided the Hotel's IT services.  Olympia engaged in these activities with the knowledge and ongoing and continuous participation of Great River and The Bend.

**Relevant Provisions of the HMAs**

24.     Section 3.1 of the HMAs grants Olympia the authority to create one or more accounts (an "Operating Account") to effect the financial management of the Hotel.  Under the HMAs, Olympia is to deposit all revenues from the operation of the Hotel into the Operating Account and pay all Hotel expenses out of the Operating Account.  The HMAs require the Operating Account maintain a minimum working capital balance of $150,000.

25.     Section 3.3 of the HMAs obligated Great River, and later The Bend, to fund all of the Hotel's obligations.

26.     Section 5.2 of the HMAs provides Olympia the right to terminate the HMAs. Under Section 5.2, Olympia may terminate the HMAs if The Bend defaults in the payment of any amount required to be paid to Olympia or to the Operating Account, and such default continues for more than ten (10) days after receipt by The Bend of written notice of such default from Olympia.

27.     Section 4.2 of the HMAs provides for a Termination Fee.  In the event Olympia terminates the HMAs pursuant to Section 5.2, and such termination occurs in the period between 12 and 24 months after the Hotel opens, The Bend shall pay Olympia a Termination Fee of $150,000 under each HMA.

**The Bend's Violations of the HMAs**

28.     The Hotel opened in December 2018 and Olympia thereafter properly performed all of its obligations under the HMAs.

29.     Within months after the Hotel opened, The Bend began to fail to maintain the minimum working capital balance of $150,000 in the Operating Account.  Beginning in mid-

6

2019, Olympia repeatedly notified The Bend in writing of these failures to meet the required minimum working capital balance.

30.     In early 2020, the shortfall in the working capital balance in the Operating Account became chronic and severe.

31.     On March 16, 2020, Olympia formally notified The Bend in writing of its default under the HMAs for failure to maintain an adequate minimum working capital balance in the Operating Account.  Olympia informed The Bend that it had 10 days to cure this default before Olympia was entitled to terminate the HMAs.

32.     The Bend did not cure the insufficient working capital balance in the Operating Account.

33.     Accordingly, on April 10, 2020—well after The Bend's 10-day cure period had expired—Olympia formally notified The Bend in writing that it was terminating the HMAs.

34.     In a letter dated April 16, 2020, counsel for The Bend denied that Olympia was entitled to terminate the HMAs and refused to pay Olympia the Termination Fee of $150,000 due under each HMA (i.e., a total of $300,000).

35.     To date, The Bend has failed to pay Olympia the $300,000 in Termination Fees to which Olympia is entitled under the HMAs and has denied any obligation to do so.

## COUNT I:  DECLARATORY JUDGMENT

36.     Olympia incorporates by reference the allegations in Paragraphs 1 through 35 above.

37.     Olympia seeks a declaratory judgment against The Bend pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57.

11929141.2

38.    An actual, present, and justiciable controversy exists between Olympia and The Bend with respect to their respective rights under the HMAs, including Olympia's right to terminate the HMAs and collect the $150,000 Termination Fee due under each HMA.

39.    Olympia properly terminated the HMAs following The Bend's uncured defaults and is entitled to receive the Termination Fee due under each HMAs.  The Bend denies Olympia properly terminated the HMAs and its obligation to pay any Termination Fee.

40.    Accordingly, Olympia is entitled to a declaration (a) that it properly terminated under the HMAs and (b) that The Bend must pay Olympia $300,000 in Termination Fees.

## COUNT II: BREACH OF CONTRACT

41.    Olympia incorporates by reference the allegations in Paragraphs 1 through 40 above.

42.    The HMAs constitute valid and enforceable contracts between Olympia and The Bend.

43.    Olympia at all times properly performed its material obligations under the HMAs.

44.    The Bend breached the HMAs by refusing to pay Olympia the Termination Fee of $150,000 due under each HMA and denying its obligation to do so.

45.    Olympia has suffered damages as a result of The Bend's breach.

## DEMAND FOR TRIAL BY JURY

Olympia hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.  Declare that Plaintiff properly terminated the HMAs;

B.  Declare that Defendant must pay Plaintiff $300,000 in Termination Fees;

C.  Enter judgment against Defendant in an amount to be determined at trial; and

D.  Grant Plaintiff such other and further relief as the Court may deem appropriate.


Dated: April 22, 2020

<div style="margin-left:40%">

Respectfully submitted,

*/s/ Nolan L. Reichl*
Nolan L. Reichl
Kyle M. Noonan
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME  04101
Tel:  207.791.1100
nreichl@pierceatwood.com
knoonan@pierceatwood.com

*Attorneys for Plaintiff Olympia Hotel
Management, LLC*

</div>

11929141.2

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below I electronically filed the foregoing document via email to the U.S. District Court, Portland, Maine.

Dated:  April 22, 2020

/s/ Nolan L. Reichl
Nolan L. Reichl
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME  04101
Tel:  207.791.1100
nreichl@pierceatwood.com

*Attorney for Plaintiff Olympia Hotel Management LLC*

10

11929141.2