UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| OLYMPIA HOTEL MANAGEMENT LLC, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) Docket No. 2:20-cv-00136-NT |
| v. | ) <br> ) |
| THE BEND HOTEL DEVELOPMENT COMPANY, LLC, | ) <br> ) <br> ) |
| Defendant. | ) |

**ORDER RESERVING RULING ON MOTION TO DISMISS**

Before me is Defendant The Bend Hotel Development Company, LLC's ("**The Bend**") motion to dismiss or, alternatively, motion to transfer to the Central District of Illinois. (ECF No. 12.) Specifically, The Bend argues that the Court lacks both subject matter jurisdiction or personal jurisdiction over it. The Plaintiff Olympia Hotel Management, LLC ("**Olympia**") opposes dismissal and transfer of the case. Opposition to The Bend's Motion to Dismiss or Otherwise Transfer (ECF No. 15).

Federal courts are courts of limited jurisdiction. *Destek Grp. v. N.H. Pub. Utils. Comm'n*, 318 F.3d 32, 38 (1st Cir. 2003). The Court "has an obligation to inquire sua sponte into its own subject matter jurisdiction." *McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004); *Fina Air, Inc. v. United States*, 555 F. Supp. 2d 321, 323 (D.P.R. 2008) (noting that the Court "ha[s] the duty to construe [its] jurisdictional grants narrowly"). Olympia has the burden of establishing federal jurisdiction by the preponderance of the evidence. *See Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991).

To invoke the Court's diversity jurisdiction, Olympia must demonstrate that the amount in controversy exceeds $75,000, and that all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332(a); *Álvarez-Torres v. Ryder Mem. Hosp.*, 582 F.3d 47, 53 (1st Cir. 2009) ("Where it applies, diversity jurisdiction requires 'complete diversity' of citizenship as between all plaintiffs and all defendants.") (citation omitted). Olympia is "a Delaware limited liability company. Its principal place of business is in Portland, Maine. Its sole member is The Olympia Companies, LLC. The membership interests of The Olympia Companies, LLC are held by three irrevocable trusts, each of which is organized under the laws of Maine. The trustee of each of the three trusts is a citizen of Maine." Compl. ¶ 1 (ECF No. 1). The complaint alleges that the Defendant "The Bend Hotel Development Company, LLC is an Illinois limited liability company. Its manager and principal financier is Daniel Michael Murphy, Jr. ("Murphy"). The Bend maintains its principal place of business in East Moline, Illinois." Compl. ¶ 2. The Complaint further alleges "[u]pon information and belief" that "none of The Bend's members are citizens of Maine." Compl. ¶¶ 2, 5.

Because The Bend is a limited liability company, diversity is determined by "citizenship of all of its members." *Pramco, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006). The Plaintiff's allegation made "upon information and belief," that "none of The Bend's members are citizens of Maine" is insufficient. And the absence of this information precludes me from conducting a complete jurisdictional analysis. Accordingly, the Plaintiff will be permitted until August 10, 2020 to conduct limited jurisdictional discovery and file proof of the citizenship of the

Bend's members. Failure to do so may result in dismissal of the complaint, without prejudice. I **RESERVE** ruling on the issues of personal jurisdiction and venue in the motion to dismiss until after I have determined that I have subject matter jurisdiction.

    SO ORDERED.

                                      /s/ Nancy Torresen
                                      United States District Judge

Dated this 8th day of July, 2020.