# FIRST AMENDMENT TO AND ASSIGNMENT OF
# HOTEL MANAGEMENT AGREEMENT – SELECT SERVICE

This First Amendment to and Assignment of Hotel Management Agreement – Select Service, dated May 9, 2014 ("**First Amendment**"), is made as of this _____ day of _____, 2017 by and between Great River Property Development Hotels, LLC (formerly known as River Eagle Hotels LLC), an Illinois limited liability company ("**Assignor**"), Olympia Hotel Management, LLC, a Delaware limited liability company ("**Operator**"), and The Bend Hotel Development Company, LLC, an Illinois limited liability company ("**Assignee**").  Assignor, Operator, and Assignee are sometimes collectively referred to herein as the "**Parties**".

## RECITALS:

**WHEREAS**, Assignor and Operator have entered into that certain Hotel Management Agreement – Select Service, dated May 9, 2014 (the "**Agreement**") to provide for management of the Hotel (as defined in the Agreement and amended herein) by Operator.

**WHEREAS**, simultaneously upon the execution of this First Amendment, Assignor shall assign all right, title and interest in the Agreement to Assignee.

**WHEREAS**, the Parties also desire to amend the Agreement as hereinafter set forth.

**NOW, THEREFORE**, in consideration of the foregoing and the mutual covenants and agreements contained herein, the Parties hereby agree as follows:

1. **Notice Address of Owner**.  In Section 7.1 of the Agreement, both Notice addresses in the "If to Owner" block are hereby stricken and replaced with:

    The Bend Hotel Development Company, LLC
    806 16th Avenue
    East Moline, Illinois 61244
    Attn: Dan Murphy

2. **Hotel**.  The first paragraph of the Recitals is hereby stricken and replaced with:

    Owner desires to construct a nationally flagged select service hotel consisting of, among other things, approximately 134 rooms, at the multi-use development known as The Bend, located in the City of East Moline, Illinois (the "**Hotel**").

3. **Opening Date**.  In Section 1.1(a) of the Agreement, the following is hereby stricken:

    For purposes of this agreement, the "**Opening Date**" shall mean the date the Hotel commences operations which is anticipated to be on or before August 2015.

And replaced with:

    For purposes of this agreement, the "**Opening Date**" shall mean the date the Hotel commences operations, which is anticipated to be on or before December 24, 2018.

4. **Termination Fee**.

(A) Section 4.2 of the Agreement is hereby stricken and replaced with:

4.2 Termination Fee. Except as otherwise provided herein, including, without limitation, Section 5.1, Owner may not terminate this Agreement prior to the first anniversary of the Opening Date of the Hotel (the "**1st Anniversary**"). For purposes of this Section the term "Anniversary" shall refer to the designated anniversary of the Opening Date. In the event this Agreement is terminated

(a) by Owner during the period from the 1st Anniversary through the 5th anniversary of the Opening Date pursuant to:

(i) Section 5.1(c) hereof, or

(ii) Section 5.1(a)(ii) or (iii), to the extent insurance or condemnation proceeds realized by Owner as a result of such events include management fees or termination fees related to such events, or

(iii) Section 5.1(a)(iv), in the event the cease and desist order results from any conduct, condition or other action by Owner or for which Owner is responsible; or

(b) by Operator pursuant to Section 5.2 hereof,

the Owner shall pay to the Operator a termination fee ("**Termination Fee**") equal to the amount shown in the following table that corresponds to the period during which the termination takes effect:

| Period During Which Termination Takes Effect | Termination Fee |
|---|---|
| From 1st Anniversary to day preceding 2nd Anniversary | $270,000 |
| From 2nd Anniversary to day preceding 3rd Anniversary | $150,000 |
| From 3rd Anniversary to day preceding 4th Anniversary | $75,000 |
| From 4th Anniversary to day preceding 5th Anniversary | N/A |

In the event of a termination of this Agreement pursuant to Section 5.1(d), a Termination Fee may be due pursuant to the provisions of Section 5.1(d). In the event of a termination of this

Agreement pursuant to Section 5.1(e), the provisions of that Section shall control the payment of a Termination Fee. In the event of termination pursuant to any other Section of the Agreement, no Termination Fee shall be owed. Notwithstanding anything contained herein to the contrary, there shall be no Termination Fee associated with any termination during a Renewal Term.

    (B)    The term "18th Month Anniversary" as used throughout the Agreement is stricken and replaced with "1st Anniversary".

5. **Termination Fee – Hotel Sale**. Section 5.1(e) of the Agreement is hereby stricken and replaced with:

(e)    Owner shall have the right to terminate this Agreement in the event of a sale, transfer or other disposition of the Hotel in a bona fide third-party transaction (whether before or after the 1st Anniversary). In the event of termination the Termination Fee specified in Section 4.2 shall apply; provided that if the termination occurs prior to the 1st Anniversary, then the Termination Fee shall be $270,000.

6. **Assignment of Agreement**. Assignor hereby transfers, conveys, assigns and sets over unto Assignee, all of Assignor's right, title and interest in the Agreement, as amended herein (the "**Assignment**"), and Assignee hereby accepts the Assignment and hereby assumes and agrees to perform all of Assignor's agreements and obligations with respect to the Agreement.

7. **Miscellaneous**. Except as set forth in this First Amendment, all of the terms and conditions of the Agreement shall remain in full force and effect and are hereby incorporated herein by reference. In the event of a conflict between the terms and conditions of this First Amendment and the Agreement, this First Amendment shall govern and control. Each capitalized term not defined in this First Amendment shall have the meaning ascribed to it in the Agreement except as otherwise specifically indicated or unless the context clearly indicates to the contrary. For convenience, this First Amendment may be executed with facsimile (or PDF or similar) signatures and/or in any number of counterparts, each of which shall be deemed an original and all of such counterparts when taken together shall constitute but one and the same document which shall be sufficiently evidenced by such executed counterparts.

*[SIGNATURE PAGE TO FOLLOW]*

**IN WITNESS WHEREOF**, the Parties have executed this First Amendment to Hotel Management Agreement – Select Service as of the day and year first above written.

**ASSIGNOR:**

**Great River Property Development Hotels, LLC**

By: _____
Name: _____
Title: _____

**OPERATOR:**
**Olympia Hotel Management, LLC**

By: ___*/s/ Kevin Mahaney*___
Name: _Kevin Mahaney_
Title: _President_

**ASSIGNEE**:

**The Bend Hotel Development Company, LLC**

By: _____
Name: _____
Title: _____

6468834.6