# EXHIBIT H



111 East Wacker, Suite 2800 / Chicago, Illinois 60601
Tel: 312.527.4000 / Fax: 312.527.4011
www.taftlaw.com

**JAMES L. OAKLEY**
312.836.4098
joakley@taftlaw.com

April 16, 2020

**VIA FED EX**

Olympia Hotel Management, LLC
7 Custom House Street, 5th Floor
P.O. Box 508
Portland, Maine 04112-0508
Attn: Sara Masterson

  Re: Hyatt - East Moline, Illinois ("Hotel")

Dear Ms. Masterson:

  We are in receipt of your letter dated April 10, 2020 purporting to terminate the Hotel Management Agreements. As explained below, Olympia not only has no basis to terminate the Agreements, but has repeatedly and materially breached its duties under the Agreements (capitalized terms herein have the same meaning as in your letter). Owner will hold Olympia responsible for all damages it has incurred due to these breaches and any ongoing failure of Olympia to discharge its duties under the Agreements.

  Your letter references paragraph 3.1(a) with respect to the Operating Account. That paragraph sets the "initial" working capital at $150,000, but states that it is subject "review and adjustment by agreement of Owner and Operator" upon completion of the first operating year. As you may be aware, Owner has repeatedly advised Operator that there is no need to keep an aggregate of $300,000 in the Operating Account. This is particularly true during the current COVID – 19 pandemic as the Hotel has cut expenses, including payroll. Though Olympia's failure to properly market the Hotel has caused instances where additional cash was necessary to fund operations, Owner has deposited funds into the Operating Account. Owner has always ensured there is sufficient cash in the Operating Account to pay all of the Hotel's expenses as they became due. This continues to be the case.

  Owner's refusal to capitulate to Operator's unreasonable demand that it continuously deposit additional funds into the Operating Account to keep its balance at or above $300,000 is not a default under the Agreements. As a result, Operator has no basis to terminate the Agreements under Section 5.2(a), which permits termination **only** if "Owner shall default in the payment of any amount required to be paid to Operator, Operating Account or Capital Account…" Again, the

27064818.2

parties did not agree to a minimum amount of working capital following completion of the first year of operation, or anytime thereafter. Accordingly, Owner has not defaulted and Olympia has no basis to terminate the Agreements.

It is obvious that your letter is a transparent attempt by Olympia to manufacture a breach in order to extort a termination fee from The Bend. This behavior is outrageous – particularly given the significant impact of COVID – 19 on the hospitality industry and this Hotel. This gambit will not insulate Olympia from liability for its myriad breaches of the Agreements.

Notice is hereby given that Olympia has breached the Agreements, by, among other things:

- Converting $48,000 from the Operating Account by cutting a check to Olympia and depositing it into an account owned and controlled by Olympia. See § 2.5 and my letter of April 14, 2020.
- Failing to pay the DirecTV bill for the Hotel. See §§ 1.2 and 2.8.
- Mishandling hiring, retention and termination of various employees, including Dylaan Bibbs and Aleyah Ross, causing Owner to incur significant legal fees and other expenses. See § 2.1.
- Failing to prepare and execute an annual business plan, including a marketing plan as required by § 2.10 and § 2.4(b).

Demand is hereby made that, where possible, Olympia cure the aforementioned breaches. Owner further demands that Olympia indemnify it pursuant to Section 6.1 for all damages suffered by Owner due to Olympia's willful misconduct and material breaches of the Agreements. Owner will hold Olympia responsible to the full extent of the law, including for punitive damages and attorneys' fees as permitted by common law and Section 7.6 of the Agreements.

Owner continues to reserve all rights and remedies against Olympia in connection with this matter.

Very Truly Yours,

James L. Oakley

cc:   Christopher E. Howard (via e-mail)
      Kevin Mahaney