UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| OLYMPIA HOTEL MANAGEMENT, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> THE BEND HOTEL DEVELOPMENT COMPANY, LLC, an Illinois limited liability company, <br><br> Defendant. | Civil Action No. 2:20-cv-00136-NT |

## PLAINTIFF'S ANSWER TO COUNTERCLAIMS

Plaintiff Olympia Hotel Management, LLC ("Olympia"), by and through its attorneys, hereby responds to the Counterclaims filed by Defendant The Bend Hotel Development Company, LLC ("The Bend") on November 10, 2020, as follows:

### NATURE OF ACTION AND RELIEF REQUESTED[1]

1.      Olympia admits The Bend retained Olympia to provide various hotel management services.  The terms of the parties' relationship are set forth in the parties' relevant agreements, which speak for themselves; Olympia denies any material allegations inconsistent therewith. Olympia denies the remaining material allegations of Paragraph 1.

2.      Olympia admits The Bend purports to bring the stated claims and seeks the stated relief, but denies that The Bend's claims have any merit or that The Bend is entitled to the relief it seeks.

---

[1] Solely for the convenience of the Court and the parties, this Answer repeats the section headings of the Counterclaim.

## PARTIES

3.      Olympia admits the material allegations of Paragraph 3.

4.      Olympia admits the material allegations of Paragraph 4.

5.      Olympia admits the material allegations of Paragraph 5.

6.      Olympia admits the material allegations of Paragraph 6.

7.      Olympia admits the material allegations of Paragraph 7.

8.      Olympia admits The Olympia Companies, LLC is a Delaware limited liability company with its principal office in Portland, Maine, and that the membership interests of The Olympia Companies, LLC are held by three irrevocable trusts organized under the laws of Maine.  Olympia denies the remaining material allegations of Paragraph 8.

9.      Olympia admits the material allegations of Paragraph 9.

## JURISDICTION AND VENUE

10.      Paragraph 10 states conclusions of law which requires no response.  Olympia admits the Court has subject matter jurisdiction over this action.

## FACTS

### Background, HMAs, and First Amendment to HMAs

11.      Olympia admits The Bend owned the Hotel for a certain period of time, but denies that The Bend owned The Hotel at all times material to this dispute.  Olympia otherwise denies all material allegations of Paragraph 11 inconsistent with the foregoing.

12.      Olympia admits The Hotel is located on the banks of the Mississippi River in East Moline, Illinois.  Olympia lacks knowledge or information sufficient to form a belief as to the truth of the remaining material allegations of Paragraph 12, and therefore denies the same.

13.      Olympia lacks knowledge or information sufficient to form a belief as to the truth of the material allegations of Paragraph 13, and therefore denies the same.

2

14.     Olympia lacks knowledge or information sufficient to form a belief as to the truth of the material allegations of Paragraph 14, and therefore denies the same.

15.     Olympia admits The Bend retained Olympia to provide various hotel management services after the parties negotiated.  The terms of the parties' relationship are set forth in the parties' relevant agreements, which speak for themselves; Olympia denies any material allegations in Paragraph 15 inconsistent therewith.

16.     Olympia admits the material allegations of Paragraph 16, except that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the parties executed the HMAs on May 9, 2014, and therefore denies that aspect of Paragraph 16.

17.     Olympia lacks knowledge or information sufficient to form a belief concerning the conveyance of title to The Hotel from Great River to The Bend, and therefore denies the same.  Olympia admits Great River and Olympia executed the First Amendment to each HMA, which effected the assignment of The Bend's interests and obligations in each HMA, and admits Exhibit C and Exhibit D each contain a true and correct copy of each First Amendment.

18.     Olympia states that the HMAs speak for themselves, and denies any material allegations in Paragraph 18 inconsistent therewith.

19.     Olympia states that the HMAs speak for themselves, and denies any material allegations in Paragraph 19 inconsistent therewith.

20.     Olympia states that the HMAs speak for themselves, and denies any material allegations in Paragraph 20 inconsistent therewith.

21.     Olympia states that the HMAs speak for themselves, and denies any material allegations in Paragraph 21 inconsistent therewith.

12509038.4

22.     Olympia states that the HMAs speak for themselves, and denies any material allegations in Paragraph 22 inconsistent therewith.

23.     Olympia states that the HMAs speak for themselves, and denies any material allegations in Paragraph 23 inconsistent therewith.

24.     Olympia denies the material allegations of Paragraph 24.

25.     Olympia states that the HMAs speak for themselves, and denies any material allegations in Paragraph 25 inconsistent therewith.

26.     Olympia states that the HMAs speak for themselves, and denies any material allegations in Paragraph 26 inconsistent therewith.

27.     Olympia states that the HMAs speak for themselves, and denies any material allegations in Paragraph 27 inconsistent therewith.

28.     Olympia states that the HMAs speak for themselves, and denies any material allegations in Paragraph 28 inconsistent therewith.

29.     Olympia states that the HMAs speak for themselves, and denies any material allegations in Paragraph 29 inconsistent therewith.

**Olympia's Violations of the HMAs and
Improper Activities Related to The Operating Account**

30.     Olympia admits The Hotel opened to the public in December of 2018, and denies any material allegations of Paragraph 30 inconsistent therewith.

31.     Olympia denies the material allegations of Paragraph 31.

32.     Olympia denies the material allegations of Paragraph 32.

33.     Olympia denies the material allegations of Paragraph 33.

34.     Olympia admits it caused a check in the amount of $48,000 and dated April 10, 2020, to be issued to Olympia Hotel Management and admits Exhibit E contains a true and

correct copy of the foregoing check.  Olympia denies the remaining material allegations of Paragraph 34.

**The Bend's Communications with Olympia**

35.     Olympia admits it caused a check in the amount of $48,000 and dated April 10, 2020, to be issued to Olympia Hotel Management; admits counsel for Olympia sent the referenced letter on April 10, 2020; and admits Exhibit F contains a true and correct copy of the foregoing letter.  Olympia denies any material allegations of Paragraph 35 inconsistent with the foregoing.

36.     Olympia admits that, on April 14, 2020, counsel for The Bend sent the letter contained within Exhibit G and admits that Exhibit G contains a true and correct copy of the foregoing letter.  Olympia states the letter speaks for itself and denies any material allegations of Paragraph 36 inconsistent therewith.  Olympia denies the remaining material allegations of Paragraph 36.

37.     Olympia admits that, on April 16, 2020, counsel for The Bend responded to Olympia's April 10, 2020, letter and admits Exhibit H contains a true and correct copy of the foregoing response.  Olympia states The Bend's response speaks for itself and denies any material allegations of Paragraph 37 inconsistent therewith.  Olympia denies the remaining material allegations of Paragraph 37.

38.     Olympia denies the material allegations of Paragraph 38.

39.     Olympia denies the material allegations of Paragraph 39.

**COUNT I**
**(Declaratory Judgment)**

40.     Olympia incorporates by reference its responses to Paragraphs 1 through 39 as if fully set forth therein.

5

41.     Olympia admits The Bend purports to bring the stated claim and seeks the stated relief, but denies The Bend's claim has any merit or that The Bend is entitled to the relief it seeks.

42.     Olympia denies the material allegations of Paragraph 42.

43.     Olympia denies the material allegations of Paragraph 43.

44.     Olympia admits the material allegations of Paragraph 44.

## COUNT II
### (Breach of Contract)

45.     Olympia incorporates by reference its responses to Paragraphs 1 through 44 as if fully set forth therein.

46.     Olympia admits the material allegations of Paragraph 46.

47.     Olympia admits the material allegations of Paragraph 47.

48.     Olympia denies the material allegations of Paragraph 48.

49.     Olympia admits it is bound by the provisions of the HMAs, except as performance thereof has been excused by the acts, conduct, or omissions of The Bend.  Olympia denies any material allegations of Paragraph 49 inconsistent with the foregoing.

50.     Olympia denies the material allegations of Paragraph 50.

51.     Olympia denies the material allegations of Paragraph 51.

## COUNT III
### (Conversion)

52.     Olympia incorporates by reference its responses to Paragraphs 1 through 51 as if fully set forth therein.

53.     Olympia states that the HMAs speak for themselves, and denies any material allegations in Paragraph 53 inconsistent therewith.

54.     Olympia denies the material allegations of Paragraph 54.

12509038.4

55.     Olympia admits The Bend demanded Olympia return the $48,000 to the

Operating Account, and denies the remaining material allegations of Paragraph 55.

56.     Olympia denies the material allegations of Paragraph 56.

57.     Olympia denies the material allegations of Paragraph 57.

58.     Olympia denies the material allegations of Paragraph 58.

59.     Olympia denies the material allegations of Paragraph 59.

## COUNT IV
### (Breach of Fiduciary Duty)

60.     Olympia incorporates by reference its responses to Paragraphs 1 through 59 as if

fully set forth therein.

61.     Olympia denies the material allegations of Paragraph 61.

62.     Olympia denies the material allegations of Paragraph 62.

63.     Olympia denies the material allegations of Paragraph 63.

64.     Olympia denies the material allegations of Paragraph 64.

WHEREFORE Counterclaim Defendant Olympia Hotel Management, LLC prays the

Court grant judgment in its favor and deny Counterclaim Plaintiff all relief sought by the

Counterclaim.

## GENERAL DENIALS AND DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses

should be available to Olympia in this matter.  Olympia, therefore, asserts said defenses in order

to preserve the right to assert them.  Upon completion of discovery, and if the facts warrant,

Olympia may withdraw any of these defenses as may be appropriate.  Further, Olympia reserves

the right to amend its Answer to Counterclaims to assert additional defenses, cross-claims,

counterclaims, and other claims and defenses as discovery proceeds.  Further answering and by way of additional defense, Olympia states the following:

### FIRST AFFIRMATIVE DEFENSE

The Bend's Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any damages The Bend claims are speculative and unsubstantiated, and, consequently, The Bend is barred in whole or in part from recovering any costs or damages it claims to have incurred.

### THIRD AFFIRMATIVE DEFENSE

The Bend's Counterclaims are barred by estoppel, waiver, and/or laches.

### FOURTH AFFIRMATIVE DEFENSE

Any award to The Bend in this action would constitute unjust enrichment.

### FIFTH AFFIRMATIVE DEFENSE

If The Bend has suffered any injury or harm, which Olympia expressly denies, The Bend's recovery is barred because The Bend has failed to mitigate, reduce, or otherwise avoid its damages or injuries.

### SIXTH AFFIRMATIVE DEFENSE

If The Bend has been damaged, which Olympia expressly denies, The Bend's damages were legally caused and are the result, in whole or in part, of the acts of The Bend or third parties.

### SEVENTH AFFIRMATIVE DEFENSE

Any harm The Bend suffered was caused by one or more third parties not under Olympia's control, for which Olympia is not responsible.

12509038.4

### EIGHTH AFFIRMATIVE DEFENSE

Any harm The Bend suffered was caused by the actions of persons not having real or apparent authority to take said actions on behalf of Olympia, and for whom Olympia is not responsible.

### NINTH AFFIRMATIVE DEFENSE

The Bend's claims are barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

The contractual provisions The Bend claims Olympia to have violated may not be enforceable as a matter of public policy, depending on The Bend's proffered interpretation of the scope and nature of those provisions.

### ELEVENTH AFFIRMATIVE DEFENSE

If The Bend has sustained any damages, which Olympia does not admit and specifically denies, Olympia is entitled under the equitable doctrine of setoff and recoupment to offset all obligations The Bend may owe to Olympia against any judgment that may be entered against Olympia.

### TWELFTH AFFIRMATIVE DEFENSE

The Bend's Counterclaim for breach of contract is barred because Olympia fully performed under the HMAs and Olympia's actions were authorized by the HMAs.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Bend's Counterclaim for breach of contract is barred because Olympia is excused from performance based on The Bend's prior breaches of the HMAs, which include, but are not limited to, (a) failing to maintain the required minimum working capital balance, and (b) failing to pay the required termination fee.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Bend's Counterclaims for breach of fiduciary duty is barred because Olympia owed no fiduciary duty to The Bend.

WHEREFORE, Olympia Hotel Management, LLC hereby respectfully requests of this Honorable Court that:

1.      The Bend's Counterclaims be dismissed in their entirety with prejudice;

2.      The Bend take nothing by its Counterclaims and that the Court enter judgment for Olympia and against The Bend with respect to The Bend's Counterclaims;

3.      Olympia be awarded its costs and any recoverable attorneys' fees incurred in defending against The Bend's Counterclaims; and

4.      Olympia be granted such other relief as this Court may deem just and proper.

Dated:  November 24, 2020

> */s/ Nolan L. Reichl*                 
> Nolan L. Reichl
> Kyle M. Noonan
> PIERCE ATWOOD LLP
> Merrill's Wharf
> 254 Commercial Street
> Portland, ME  04101
> Tel:  207.791.1100
> nreichl@pierceatwood.com
> knoonan@pierceatwood.com
>
> *Attorneys for Plaintiff*
> *Olympia Hotel Management, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date indicated below I caused a copy of the foregoing document to be filed with the Court's ECF filing system, which will cause an electronic notice to be sent to counsel of record.

Dated:  November 24, 2020

*/s/ Nolan L. Reichl*
Nolan L. Reichl
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME  04101
Tel:  207.791.1100
nreichl@pierceatwood.com

*Attorney for Plaintiff*
*Olympia Hotel Management LLC*

12509038.4